**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

IN RE: )
)
Leo David Weir, )
)
Elizabeth Lynne Weir, )
) Case No.  11-11026-R
Debtor(s) ) Chapter 13

### FIRST AMENDED CHAPTER 13 PLAN

LENGTH OF PLAN: 60 months.

PLAN PAYMENTS: Debtor(s) to pay $500.00 per month for 60 months.  The Trustee shall deduct the Trustee's percentage fee from each payment.

COMMENCEMENT DATE: Plan payment shall commence on or before 30 days after the filing of the Petition.

PAYMENTS SHALL BE MADE BY PAYROLL DEDUCTION, CASHIERS CHECK OR MONEY ORDER AND SHALL BE PAID TO:

**LONNIE D. ECK**
**Chapter 13 Trustee**
**P. O. Box 613407**
**Memphis, TN 38101-3407**

**ADMINISTRATIVE AND PRIORITY CLAIMS** (To be paid in full without interest):

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|
| Joel A. LaCourse | Attorney Fees | $1,900.00 | 1-10 @ $190.00 |
| O.T.C. | 2010 Income Taxes | $ 430.00 | 11-30 @ $21.50 |

**SECURED CLAIMS** (Exclusive of home mortgages):

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED CLAIM AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

**CLAIMS ENTITLED TO ADEQUATE PROTECTION PURSUANT TO 11 USC §1326(a)(1)(C).**  The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of the Court's Misc. Order No. 162:

| CLAIMANT | FILED OR SCHEDULED CLAIM | COLLATERAL | ALLOWED CLAIM AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
| Wells Fargo | $11,336.82 | 2008 Hyundai Accent | $11,336.82 | 6% | 1-60 @ $219.17 |

Note:  Secured creditors shall retain their liens to the extent of the value stated above in the Allowed Secured Claim column.  The allowed secured claim of each secured creditor shall be the amount of the collateral, as indicated in the Allowed Secured Claim column, or the amount of the claim, whichever is less, with the balance of the claim as filed being allowed as an unsecured claim, and with the lien of the creditor being avoided on the unsecured portion pursuant to 11 U.S.C. § 506(d).

**REAL ESTATE & HOME MORTGAGE(S):**

| CLAIMANT | DESCRIPTION | AMOUNT | INT. RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
| BAC Home Loans | Homestead | IN FULL | CONTRACT | PAID DIRECT BY DEBTOR LONG TERM DEBT |
|  | *ARREARAGE: | $955.75 | N/A | 11-30 @ $47.79 |

   *Arrearage amount includes all past due payments, late fees or charges, escrow, attorney's fees, and all costs.  At the conclusion of the plan, provided all post-petition payments have been timely made, the mortgage shall be deemed current regardless of any internal records the mortgage holder may have reflected otherwise.

**LIEN AVOIDANCE (S):** The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. § 522(f) and the claim(s) of such claimant(s) shall be relegated and treated as general unsecured claims below:

| CLAIMANT | COLLATERAL | AMOUNT RELEGATED TO UNSECURED |
|---|---|---|
|  |  |  |

**PROPERTY TO BE SURRENDRED:**  The following property shall be surrendered to the named claimant.  Claimant will be allowed to file an amended Proof of Claim for the deficiency balance after the sale of the property so long as said Claim is filed within 60 days of the Order Confirming Plan.

| CLAIMANT | COLLATERAL | ALLOWED SECURED CLAIM |
|---|---|---|
|  |  |  |

**UNSECURED CLAIMS:**  All claims not specifically provided for above and those relegated to unsecured status above shall be paid a general unsecured claim, without priority, on a prorate basis.

| | |
|---|---|
| Unsecured claims per Schedule F | $  18,703.89 |
| Claims Relegated to Unsecured Status: | $         0.00 |
| Total projected Unsecured Claims: | $  18,703.89 |
| Approximated Percentage Payback to Holders of Unsecured Claims: | 56% |

NOTE:  The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

**OTHER PROVISIONS**:

1. All property of the estate under 11 U.S.C. § 1306 at the time of confirmation shall be and remain property of the estate and all stays in effect at the time of confirmation shall remain in force and effect until conclusion of the case or other Order of the Court.

2. All claims will be treated as set forth above unless a creditor objects prior to the confirmation hearing <u>and</u> files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a).  Governmental units must file claims within 180 days after the order for relief

3. All creditors without priority who fail to file a proof of claim within the time stated in paragraph two (2) above, will not receive any distribution under this Plan.

4. All secured creditors shall retain their liens as provided in 11 U.S.C. Sec. 1325(a)(5)(B)(i).

5. The above named Debtor(s) is / are enjoined from incurring any debts without prior approval of the court, except such debts as may be necessary for emergency medical or hospital care.

Respectfully submitted,

 /s/Joel A. LaCourse
Joel A. LaCourse, OBA #17082
A. Todd Laster, OBA #19509
Stoops and LaCourse, P.L.L.C.
Attorney for Debtors
8801 S. Yale Ave. , Ste 420
Tulsa, Oklahoma 74137
(918) 744-7100